# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-11144

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY,

Plaintiff-Appellant,

versus

ANTON WERMELINGER, Individually,
on Behalf of the Estate of Raul Quevedo,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(3:95-CV-1910-D)

April 7, 1997

Before POLITZ, Chief Judge, DeMOSS, Circuit Judge, and DOHERTY,[*] District Judge.

PER CURIAM:[**]

Connecticut General Life Insurance Company appeals the district court's

dismissal of its interpleader or declaratory judgment action for lack of subject matter

jurisdiction. For the reasons assigned we reverse and render.

---

[*]District Judge of the Western District of Louisiana, sitting by designation.

[**]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

# BACKGROUND

Raul Quevedo purchased a group life insurance policy through his employer. He originally designated "Anton Wermelinger" as the beneficiary. The designation was later changed to "Anton Wermelinger-Trustee." Quevedo died in 1995. Wermelinger was the executor of Quevedo's estate and sole beneficiary of his will. Quevedo was unmarried and had no children. His parents survive him, and they assigned any claims they have to Wermelinger.

When Quevedo died, Connecticut General became obligated to pay $110,000 in life insurance benefits and $740 in a cash value account to Wermelinger. In response to a question on the claim form asking in what capacity he was making the claim, Wermelinger wrote, "Beneficiary--No Trust Agreement Exists."

Connecticut General invoked Fed.R.Civ.P. 22 and filed an interpleader action as well as a claim for declaratory relief with respect to the $110,740, alleging that Quevedo's beneficiary designation was susceptible to two interpretations: (1) that Quevedo used the word "trustee" descriptively and was naming Wermelinger as beneficiary in his individual capacity; or alternatively, (2) that Quevedo created a trust for the life insurance proceeds and named Wermelinger trustee. Connecticut General contends that it would be exposed to double or multiple liability by paying Wermelinger individually if in fact Quevedo created a trust, and the beneficiaries, deprived of the benefits of the proceeds, might bring an action against it.

2

The district court gave Connecticut General 60 days to conduct discovery to determine whether a trust existed. Extensive discovery produced no evidence whatsoever that Quevedo created a trust other than the bald designation of "trustee" next to Wermelinger's name. Quevedo's parents, Wermelinger, Quevedo's bank, the attorney who drafted Quevedo's will, and the accountant who prepared Quevedo's taxes all denied any knowledge of a trust. This was reported to the district court which entered judgment dismissing the interpleader action without prejudice for lack of subject matter jurisdiction, finding that complete diversity was lacking because although Connecticut General is a citizen of Connecticut and Wermelinger is a citizen of Texas, there were potential trust beneficiaries whose citizenship was unknown. The district court also declined to rule on Connecticut General's claim for a declaratory judgment. Connecticut General timely appealed.

## ANALYSIS

We conclude that the district court erred in finding diversity jurisdiction lacking. The complaint names only Wermelinger and not the unknown beneficiaries, should any exist. There is the requisite diversity of citizenship between Connecticut General and Wermelinger.

On close examination we must conclude that the Rule 22 interpleader procedure is not available herein. That procedure is appropriate where the plaintiff is or may be exposed to double or multiple liability. We are mindful that claims

3

for interpleader are to be construed liberally and at the initial stage the threat of multiple and vexatious litigation is sufficient to ground the claim.[1] In the case at bar, however, the likelihood of future litigation and multiple liability is so remote and speculative that we must conclude that interpleader is not appropriate.

That decision does not terminate our consideration of this matter for, motivated by a keen concern for the concept of judicial economies, we perforce conclude that dismissing the action is inappropriate. Connecticut General has requested declaratory relief. We deem same appropriate and prudent, given our noted concern for judicial economies, and conclude and hold that under the very specific and limited circumstances of this case, Connecticut General is obligated to pay the proceeds to Wermelinger and should do so forthwith.

For the foregoing reasons we REVERSE and RENDER judgment directing Connecticut General Life Insurance Company to pay the policy proceeds forthwith to Anton Wermelinger. We direct the clerk of court of the Northern District of Texas to promptly return the funds deposited by Connecticut General Life Insurance Company in the aforementioned interpleader action. This opinion is to issue as mandate.

---

[1]**Corrigan Dispatch Co. v. Casa Guzman, S.A.**, 696 F.2d 359 (5th Cir. 1983).